1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,               No. 2:14-cv-0148 KJM EFB
      STATE OF CALIFORNIA, ex rel.
12    DEBBIE G. RINEHART,

13                   Plaintiffs,              ORDER

14          v.

15    WALGREEN CO.,

16                   Defendant.

17

18

19          In its prior order unsealing the complaint and notice of intervention in this case,

20    the court explained "all other previously-filed contents of the Court's file in this action remain

21    under seal and [shall] not be made public, or served upon defendant, pending further order of the

22    Court." ECF No. 57. The court here revisits whether to unseal the balance of the docket in this

23    case.

24          Generally, "lifting the seal on the entire record is appropriate unless the

25    government shows that such disclosure would: (1) reveal confidential investigative methods or

26    techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *U.S. ex rel. Lee v.*

27    *Horizon Wests, Inc.*, No. C 00-2921 SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). "[I]f

28    the documents simply describe routine or general investigative procedures, without implicating

1

specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). "The Qui Tam statute evinces no specific intent to permit or deny disclosure of in camera material as a case proceeds." *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). "[T]he statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* at 23. The court should also consider the public's interest because court records are generally open to the public. *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

The United States' request to keep the balance of the docket under seal provides minimal explanation. ECF No. 53. In particular, the United States has not provided an explanation of how disclosure of all the materials in the case file would be harmful. Such harm is not clear from the court's review of the file either. The United States has not suggested any governmental privilege exists, or pointed to any harm to ongoing investigations. *See United States ex rel. Lee*, 2006 WL 305966, at *3.

Given the general nature of these documents, the court tentatively finds it unnecessary for any part of the case to remain sealed. Within fourteen (14) days of this order, any party may SHOW CAUSE, if any there is, as to why the balance of the documents of record in this action should not be unsealed.

IT IS SO ORDERED.

DATED: May 15, 2017.

UNITED STATES DISTRICT JUDGE

2